UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

       Plaintiffs,                       Case No.
                                               Hon.
v

Farnell Contracting, Inc.,
a Michigan corporation, and
Douglas B. Farnell, an individual, and
Kathleen M. Farnell, an individual,
Jointly and severally,

       Defendants.

_____/

WALTER B. FISHER JR. (P51337)
CHARLES S. KENNEDY, III (P49486)
FILDEW HINKS, PLLC
Attorneys for Plaintiffs
26622 Woodward Avenue, Suite 225
Royal Oak, MI  48067
(248) 837-1397
wfisher@fildewhinks.com
ckennedy@fildewhinks.com
_____/

**COMPLAINT**

Plaintiffs, by their attorneys, Fildew Hinks, PLLC, state:

1.       The Detroit Carpenters Fringe Benefit Funds, a voluntary association, consists of representatives and agents of the Detroit Carpenters Health and Welfare Fund, the Michigan Regional Council of Carpenters Employee Benefits Fund, the

Carpenters Pension Trust Fund - Detroit and Vicinity, the Carpenters Annuity Fund, The Michigan Regional Council of Carpenters Annuity Fund, the Detroit Carpenters Joint Apprenticeship and Training Trust Fund, the Guarantee Fund and the Industry Advancement Fund (if applicable), each of which is a trust fund established pursuant to the Labor-Management Relations Act of l947 ("LMRA"), as amended, 29 U.S.C., Section 141 et seq., and the Employee Retirement Income Security Act of l974 ("ERISA"), as amended, 29 U.S.C., Section 1001 et seq., having its principal office in this District and Division. Plaintiffs are trustees of the funds named, on whose behalf, and on behalf of whose beneficiaries, this action is filed, as their respective interests shall appear.

2. Defendant Farnell Contracting, Inc. is a Michigan corporation doing business in this district and division.

3. Defendant Douglas B. Farnell is an individual doing business in this district and division.

4. Defendant Kathleen M. Farnell is an individual doing business in this district and division.

5. Jurisdiction of this Court is predicated on Section 30l of the LMRA, 29 U.S.C., Section l85, and Section 502 of ERISA, 29 U.S.C., Section 1132, this being a suit for violation of a contract between an employer (Defendant) and the Michigan Regional Council of Carpenters, AFL-CIO, the successor to the Carpenters District Council of

Detroit, (the "Union"), a labor organization representing employees in an industry affecting commerce.

### Count I    ERISA Claim

6. On January 9, 2003, Farnell Contracting, Inc. executed a Power of Attorney with the Construction Association of Michigan.  A copy is attached as Exhibit A.

7. Farnell Contracting, Inc. has not terminated the January 9, 2003 Power of Attorney.

8. Farnell Contracting, Inc. is currently bound to the 2012-2019 Collective Bargaining Agreement between the Construction Association of Michigan and the Michigan Regional Council of Carpenters AFL-CIO.  A copy is attached as Exhibit B.

9. Pursuant to the collective bargaining agreements, Farnell Contracting, Inc. became obligated to pay wages and to make periodic payments to the Funds represented by Plaintiffs, which payments constituted employee benefits earned by employees of  Farnell Contracting, Inc. who were either members, or fell within the jurisdiction, of the Union and were covered by the collective bargaining agreements.

10. Pursuant to the collective bargaining agreements alleged above, Plaintiffs are entitled to audit the books and records of Farnell Contracting, Inc. to verify the accuracy of the contributions made to Plaintiffs pursuant to the agreements as well as

to determine the amount of any deficiency. The books and records required include those listed on Exhibit C.

11. Plaintiffs demanded production of Farnell Contracting, Inc.'s books and records on August 27, 2018 and October 3, 2018. A copy of the demand letters are attached as Exhibit D.

12. Despite demands by Plaintiffs, Farnell Contracting, Inc. has failed, neglected and refused to permit the audit.

**WHEREFORE**, Plaintiffs pray:

A. That this court enter an order directing Farnell Contracting, Inc. to submit to Plaintiffs for audit the books and records of Farnell Contracting, Inc. described in Exhibit C attached hereto and expressly made a part hereof for the period July 1, 2016, through the date of production of the books and records.

B. That this court thereafter enter judgement against Farnell Contracting, Inc. for all sums shown by the audit to be due to Plaintiffs, together with actual costs, liquidated damages, prejudgment interest, post judgment interest and actual attorney fees.

C. That this Court grant Plaintiffs any other relief that it deems appropriate.

## Count II    Michigan Builders Trust Fund Claim

13. Plaintiffs incorporate each and every preceding allegation set forth in this Complaint as though fully set forth herein.

14. During the period July 1, 2016, to the present, Farnell Contracting, Inc. engaged in the business of commercial construction contracting, among other facets of the construction industry, and as such conducted business in the building construction industry within the meaning of the Michigan Building Contract Fund Act, Mich. Comp. Laws Ann. §570.151 et seq. (hereinafter the "Trust Fund Act").

15. Upon information and belief, Douglas B. Farnell, in connection with the operation of Farnell Contracting, Inc. received payment from customers for all, or part, of the labor which remains the subject of the fringe benefit contributions which remain unpaid to Plaintiffs.

16. Upon information and belief, Kathleen M. Farnell, in connection with the operation of Farnell Contracting, Inc. received payment from customers for all, or part, of the labor which remains the subject of the fringe benefit contributions which remain unpaid to Plaintiffs.

17. Pursuant to the Trust Fund Act, any such payments received by Farnell Contracting, Inc. and/or Douglas B. Farnell and/or Kathleen M. Farnell were deemed to

5

be held in trust by them, as trustees for the benefit of, among others, the individual employees who furnished labor to, and or on behalf of, Farnell Contracting, Inc.

18. Upon information and belief, the funds that were held in trust by Farnell Contracting, Inc., Douglas B. Farnell, and Kathleen M. Farnell, in their capacities under the Trust Fund Act, included the contributions Farnell Contracting, Inc. was required to make to the Plaintiffs for the period July 1, 2016, to present.

19. Upon information and belief, in violation of the Trust Fund Act, Farnell Contracting, Inc., Douglas B. Farnell, and Kathleen M. Farnell retained, used or appropriated said payments received for purposes other than to pay the fringe benefit contributions accrued for the benefit of the individual carpenters employed by Farnell Contracting, Inc.

20. Upon information and belief, Farnell Contracting, Inc., Douglas B. Farnell and Kathleen M. Farnell appropriated monies paid to Farnell Contracting, Inc. for their own business operations and/or for their own personal use before payment of all monies due, or to become due to Plaintiffs, in violation of Mich. Comp. Laws Ann. 570.151, et seq.

**WHEREFORE**, Plaintiffs request this court order an accounting in connection with payments received by Farnell Contracting, Inc. for work performed during the period July 1, 2016, to present; declare Farnell Contracting, Inc., Douglas B. Farnell and

Kathleen M. Farnell to be Trustees with respect to funds received during that period; to trace the proceeds of the subject trust funds, and to enter judgment against Farnell Contracting, Inc., Douglas B. Farnell and Kathleen M. Farnell jointly and severally for the amount of unpaid fringe benefits for the period July 1, 2016, to present, as determined by the audit of Farnell Contracting, Inc.'s books and records, plus actual costs, interest and actual attorney fees.

### Count III

### Violation of Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001 *et. se.*

21.  Plaintiffs incorporate each and every preceding allegation set forth in this Complaint as though fully set forth herein.

22.  Individuals providing labor and employed by, or on behalf of, Farnell Contracting, Inc. pursuant to the subject collective bargaining agreement, earned outstanding fringe benefit contributions in connection with and in furtherance of their employment. These accrued fringe benefit contributions were properly payable to the employee benefit plans administered by Plaintiffs when due.

23.  The accrued fringe benefit contributions and funds otherwise in the Defendants' possession, custody and/or control which were otherwise available to pay the accrued fringe benefit contributions were to be held in trust by the defendants in their capacity as a fiduciary, as required by ERISA pursuant to 29 U.S.C. § 1145, until the

defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their collective bargaining agreement and related trust agreements. Such accrued fringe benefit contributions became assets of the respective employee benefit plans administered by Plaintiffs upon accrual.

24. The Defendants failed to turn over these plans assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due. Rather, upon information and belief, the Defendants utilized the accrued outstanding fringe benefit contributions and funds otherwise within their possession, custody, and/or control for purposes other than payment to Plaintiffs.

25. In failing to turn over such plan assets to Plaintiffs, the Defendants violated 29 U.S.C. § 1145, 1104, and 1109 (a) and their obligations under the collective bargaining agreement and related Trust Agreements incorporated therein.

26. The Defendants' failure to turn over plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds otherwise properly payable to Plaintiffs constitute a breach of their fiduciary duties regarding the Funds within the meaning of 29 U.S.C. § 1104(a)(1)(A) and are violations of 29 U.S.C. § 1145, 1104 and 1109 (a).

27. Individuals Douglas B. Farnell and Kathleen M. Farnell are personally liable to the Funds for breaching their fiduciary duties pursuant to 29 U.S.C. § 1104(a).

**WHEREFORE**, Plaintiffs pray:

A.  That this Court enter judgment against Defendants Douglas B. Farnell and Kathleen M. Farnell for all unpaid fringe benefit contributions owed by Farnell Contracting, Inc. pursuant to the Funds audit of Farnell Contracting, Inc. for the period July 1, 2016, through the date of production plus interest and actual attorney fees and costs.

B.  That this Court grant Plaintiffs any other relief that it deems appropriate.

Dated:  October 10, 2018	**FILDEW HINKS, PLLC**

By:	/s/Walter B. Fisher Jr.
Attorneys for Plaintiffs
26622 Woodward Avenue
Suite 225
Royal Oak, MI 48067
(248) 837-1397
wfisher@fildewhinks.com
P51337

J:\2001\0796\Electronic Pleadings\Complaint  10-10-18\Complaint - Books and Records 10-10-18.wpd